Keith D. Karnes, OSB # 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR 97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KASEY ANN TOOLEY,<br><br>                 Plaintiff,<br>v.<br><br>THE LAW OFFICES OF GERALD E<br>MOORE & ASSOCIATES, PC;<br>LEADING EDGE RECOVERY<br>SOLUTIONS, LLC ;<br>                 Defendants. | Case No. CV'06 1262 HU<br><br>COMPLAINT FOR VIOLATIONS OF<br>FAIR DEBT COLLECTION<br>PRACTICES ACT AND INVASION<br>OF PRIVACY<br><br>JURY REQUESTED |

AUG 2 5 2006

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

Page 1- COMPLAINT

#11274

## PARTIES

4. Plaintiff Kasey Tooley is a natural person who resides in the City of Canby, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Gerald E. Moore & Associates, PC (hereinafter "Moore") is a collection agency operating from an address of 2221 New Market Parkway, Marietta, GA 30067, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Leading Edge Recovery Solutions, L.L.C. (hereinafter "LER") is a collection agency operating from the address of 5440 N Cumberland Ave Ste 300, Chicago, IL 60656, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a debt to Household Bank that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Plaintiff defaulted on her obligations to repay Household Bank.

9. Household Bank assigned or otherwise transferred to LER the right to collect the debt Household alleges Plaintiff owes.

10. Beginning August 2005 Plaintiff and Moore entered into an agreement whereby Plaintiff would make a payment of $321.21 on August 24, 2005 and would postdate two payments of $161.60 plus $7.50 check fee for September 20, 2005 and an identical payment postdated for October 20, 2005. This agreement would pay Plaintiff's Household Bank debt in full.

11. Plaintiff telephoned Moore to request that the September 20, 2005 payment be postponed until September 29, 2005.

12. Plaintiff otherwise kept the agreement with Moore.

Initial Violations of the FDCPA

13. On or about April 27, 2006 Plaintiff received a telephone call from LER demanding payment on the debt Plaintiff allegedly owed to Household Bank.

14. LER threatened Plaintiff that if she did not pay LER would take an action against Plaintiff.

15. On or about May 9, 2006 employees for LER telephoned Plaintiff's coworkers attempting to collect money from Plaintiff. Exhibit A.

16. On or about May 18, 2006 employees for LER telephoned Plaintiff at her place of work and Plaintiff told LER's employees to stop all telephone calls to Plaintiff's workplace.

17. Immediately after Plaintiff informed LER that she could not receive telephone calls at her workplace LER's employees telephoned Plaintiff on her cell phone.

18. When LER's employees telephoned Plaintiff on her cell phone the LER employees knew that Plaintiff was at her workplace.

19. On or about May 19, 2006 Plaintiff received a telephone call at Plaintiff's workplace from LER employees attempting to collect the debt LER alleges Plaintiff owes.

20. On or about June 2, 2006 LER's employees telephoned Plaintiff at Plaintiff's workplace in an attempt to collect the debt LER alleges Plaintiff owes.

Plaintiff has suffered actual damages from Defendant's illegal collection efforts

21. As a direct and proximate result of Defendants' actions in attempting to collect a settled debt, repeatedly telephoning Plaintiff at her place of employment, and leaving telephone messages with Plaintiff's coworkers, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, upset stomach, headaches, worry, frustration, sadness, depression, fear, and sleeplessness, physical pain, marital problems, among other negative emotions.

TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

CAUSES OF ACTION

COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692f, and 1692f(1).

25. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages and is entitled to compensation pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

COUNT II.

INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

27. Defendant LER intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

28. Defendant LER intentionally caused harm to Plaintiff's emotional well being by engaging in

highly offensive conduct in the course of collecting a debt.

29.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

30.     The intrusion by Defendant LER occurred in a way that would be highly offensive to a reasonable person in that position.

31.     As a result of such invasions of privacy, Plaintiffs are entitled to actual damages and punitive damages in an amount to be determined at trial from each and every Defendant.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant for:

COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq.*

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

Plaintiff further prays that judgment be entered against LER for:

COUNT II.

INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

for an award of actual damages and punitive damages against LER for the damages Plaintiff

Page 5- COMPLAINT

suffered as a result of the invasions of privacy in an amount to be determined at trial;

DATED August 31, 2006

                                                    Olsen, Olsen & Daines, LLC

                                                   Keith D. Karnes, OSB # 03352
                                                   Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Kasey Tooley, swear under penalty of perjury that to the best of my knowledge:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.

7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Kasey Tooley